# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JINKOSOLAR (U.S.) INC., et al., ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, et al., ) <br> ) <br>     Defendants. ) | Before: Hon. Gary S. Katzmann, Judge <br> Court No.: 22-00241 |

## [PROPOSED] ORDER

Upon consideration of Plaintiffs' Unopposed Motion for Stay of Proceedings and the entire record herein, , it is this hereby

**ORDERED** that the Motion is GRANTED.  It is further

**ORDERED** that the above-captioned action is STAYED.  It is further

**ORDERED** that the parties shall submit a joint status report to the Court no later than 30 days after final and conclusive resolution of *Solar Energy Industries Ass'n, et al. v. United States, et al.,* Fed. Cir. No. 2022-1392, including any further appeal therefrom.


Dated: _____           Signed: _____
New York, NY                              Judge Gary S. Katzmann

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JINKOSOLAR (U.S.) INC., et al.,  )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　Plaintiffs,　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>　　　v.　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>UNITED STATES, et al.,　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　Defendants.　　　　　　 ) | Before: Hon. Gary S. Katzmann, Judge<br>Court No.: 22-00241 |

**UNOPPOSED MOTION FOR STAY OF PROCEEDINGS**

Plaintiffs JinkoSolar (U.S.) Inc. and Jinko Solar (U.S.) Industries Inc. (collectively, "Jinko" or "Plaintiffs") respectfully request that the U.S. Court of International Trade ("Court") stay any further action in this CIT Case No. 22-00241 until final resolution of *Solar Energy Industries Ass'n, et al. v. United States, et al.*, Fed. Cir. Case No. 2022-1392 ("*SEIA*"), including the resolution of any appeals. This stay will serve the interests of all parties to this litigation and the Court, by avoiding unnecessary litigation and duplication of arguments and by minimizing administrative burdens and costs. In accordance with Rule 7(f), the parties have conferred regarding the relief requested in this motion. Counsel for the Defendants states that they consent to this motion.

**I.　　BACKGROUND**

Plaintiffs brought this action to challenge Presidential Proclamation 10101 of October 10, 2020, which imposes additional safeguard duties on crystalline silicone photovoltaic ("CSPV") cells pursuant to Section 201 of the Trade Act of 1974. *Proclamation No. 10101, To Further Facilitate Positive Adjustment to Competition From Imports of Certain Crystalline Silicon Photovoltaic Cells (Whether or Not Partially or Fully Assembled Into Other Products)*, 85 Fed. Reg. 65,639 (Oct. 16, 2020) ("Modification Proclamation"). The CSPV safeguard measures

1

affect both CSPV solar panels and bifacial solar panels imported into the United States, which are essential to U.S. solar energy. Plaintiffs import both products into the United States.

As noted in Plaintiffs' "Form 5 Information Statement" (ECF 3 at 2), this action is related to (1) *Solar Industries Ass'n v. United States*, CIT Case No. 20-3941 (GSK) which is now pending on appeal in the Court of Appeals for the Federal Circuit (*SEIA*, No. 22-1392 (Fed. Cir. filed Jan. 24, 2022)), and  (2) *LONGi Solar Technology (U.S.) Inc. v. United States, et al.* ("*LONGi*"), No. 22-212 (GSK) (Ct. Int'l Trade filed July 19, 2022).  In *LONGi*, the Court has granted a similar motion to stay proceedings. *LONGi*, Order Granting Unopposed Motion to Stay Proceedings, No. 22-212 (Ct. Int'l Trade Aug. 9, 202), ECF 11.

## II.     LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). If there is a fair possibility that the stay will work to damage someone else, the party requesting the stay must clearly identify the hardship or inequity in moving forward the case. *Id* at 255. Further, a "court may properly determine that it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Diamond Sawblades Mfrs.' Coal. v. United States*, 34.C.I.T. 404, 406 (2010) (internal citations and quotations omitted).

In *RHI Refractories Liaoning Co. v. United States*, 35 C.I.T. 407 (2011), this Court granted a motion to stay, noting that related litigation was already underway in another case and that a stay would "promote judicial economy and preserve the resources of the parties and the court." *Id* at 411.

### III.  ARGUMENT

#### A. Staying This Case Will Ease Administrative Burden and Promote Judicial Economy

Staying administrative proceedings in this case will ease administrative burdens, promote judicial economy, and preserve the resources of both parties and the court. *See RHI Refractories Liaoning Co.*, 35 C.I.T. at 410-12. As Plaintiffs have noted in their complaint, the issues presented in this case are similar to those presented to this Court in *SEIA* and are now pending before the Federal Circuit.

#### B. Staying This Case Does Not Present a Possibility of Damage to Someone Else

Parties affected by this action include Plaintiffs and Defendants. No other parties would be affected by the stay. Staying the case does not create "even a fair possibility", *Landis*, 299 U.S. at 255, of harm to the Defendants, United States[1], because the stay (1) does not prohibit the Defendants from enforcing or collecting any safeguard duties; and (2) the stay will not be indefinite. And, Defendants have consented to the stay requested here.

The requested stay does not prohibit Defendants, the United States, from enforcing any order or collecting any safeguard duties because action affects duties relating to Plaintiffs' imports between October 25, 2020 and February 7, 2022, subject to the Modification Proclamation. The United States has already collected duties subject to the Modification Proclamation, or has suspended liquidation on affected entries, subject to this Court's order in *SEIA*. Granting a stay in this action will not have any effect on the payment and collection of duties subject to the Modification Proclamation.

As was also relevant in *RHI Refractories*, the requested stay will not be indefinite. The government filed its appeal in *SEIA* on January 14, 2022, and briefing is underway. *See* Docket,

---

[1] All parties named as defendants are or are acting on behalf of the United States.

Fed. Cir. Case No. 2022-1392. The stay has a definite end – when final resolution is reached in *SEIA*.

### C. Moving This Case Forward Would Present Hardships for the Parties

Regardless of whether staying this case presents a fair possibility that it will work damage to someone else, there is a clear case of hardship or inequity in moving the case forward at this juncture. *See Landis*, 299 U.S. at 254. Moving this action forward provides hardship for both Plaintiffs and Defendants, whose arguments in this case may evolve given the final resolution in *SEIA*. Indeed, the stay would seem to benefit Defendants as they continue to devote significant resources to their defense of the Modification Proclamation in *SEIA*. Rather than being harmed by a stay, Defendants would presumably benefit by avoiding duplication of these efforts to analyze, brief, and argue the same issue in this case. *See also LONGi,* Unopposed Motion to Stay Proceedings at 4 (Aug. 9, 2022), ECF 10.

### IV. CONCLUSION

For these reasons, Plaintiffs requests that the Court stay further action in this case until final resolution of *Solar Energy Industries Ass'n, et al. v. United States, et al.*, Fed. Cir. Case No. 2022-1392.

September 29, 2022

Respectfully submitted,

  /s/ Richard A. Mojica
Richard A. Mojica
Mary H. Mikhaeel
MILLER & CHEVALIER CHARTERED
900 Sixteenth Street NW
Washington, D.C. 20006
202-626-5800 (Telephone)
202-626-5801 (Fax)
Email:  rmojica@milchev.com
Email:  mmikhaeel@milchev.com

*Counsel for JinkoSolar (U.S.) Inc. and Jinko Solar (U.S.) Industries Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2022 I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Joshua E. Kurland
U.S. Department of Justice
Commercial Litigation Branch - Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
(202) 616-0477
Fax: (202) 307-0972
Email: joshua.e.kurland@usdoj.gov

Attorney-in-Charge
U.S. Department of Justice
International Trade Field Office
26 Federal Plaza - Room 346
Civil Division
New York, NY 10278
(212) 264-9230
Email: civil.itfoecf@usdoj.gov

                                                */s/ Richard A. Mojica*
                                                Richard A. Mojica